# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| | § | **CASE NO. 6:11-CR-2-JDK** |
| vs. | § § § | |
| | § | |
| **CHRISTOPHER KEITH BROWNING (1)** | § § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On September 23, 2021, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Allen Hurst. Defendant was represented by Matt Millslagle.

### *Background*

After pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute Cocaine Base, Marijuana, a Class A felony, Defendant Christopher Keith Browning was sentenced on January 26, 2012 by United States District Judge Leonard Davis. The offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of III, was 135 to 168 months. Following a 5K1.1 motion filed by the government, Defendant was sentenced to 120 months of imprisonment to be followed by a 5-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, and a $100 special assessment.

Defendant completed his term of imprisonment and started his term of supervised release on January 31, 2020. The case was re-assigned to United States District Judge Jeremy D. Kernodle on August 20, 2021.

1

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on August 20, 2021, United States Probation Officer Ben Sanders alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition): The defendant shall not commit another federal, state, or local crime.** It is alleged that Defendant was arrested on August 19, 2021 by the Cedar Hill Police Department for reportedly committing the offenses of Assault Family/House Member Impede Breath/Circulation, a Third-Degree Felony, and Evading Arrest Detention, a Class A Misdemeanor.

2. **Allegation 2 (mandatory condition 1): The defendant shall not leave the judicial district without the permission of the Court or probation officer.** It is alleged that Defendant was outside of the judicial district on August 19, 2021 without the permission of the probation officer.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class A felony. Accordingly, the maximum imprisonment sentence that may be imposed is 5 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

committing the offense of Assault Family/House Member Impede Breath/Circulation as alleged in the petition, he is guilty of a Grade A violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was III. The guidelines provide that Defendant's guideline range for a Grade A violation is 18 to 24 months of imprisonment. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Evading Arrest Detention or traveling outside of the judicial district without permission as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of III, the guidelines provide that Defendant's guideline range for a Grade C violation is 5 to 11 months of imprisonment.

*Hearing*

On September 23, 2021, Defendant appeared for a final revocation hearing. Assistant United States Attorney Allen Hurst announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 of the petition and to jointly request a sentence of 7 months of imprisonment followed by 2 years of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 of the petition. Defendant requested a recommendation for designation at FCI Texarkana or, alternatively, FCI Seagoville.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 7 months of imprisonment followed by 2 years of supervised release. Any criminal history monetary penalties previously ordered in the final

judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 7 months of imprisonment followed by 2 years of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 7 months of imprisonment followed by 2 years of supervised release.

So ORDERED and SIGNED this 23rd day of September, 2021.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE